Louis C. HARRIS, etc., Plaintiff,

v.

Michael SHEAHAN, et al., Defendants.

No. 94 C 1611.

United States District Court,
N.D. Illinois, E.D.

March 24, 1994.

Louis C. Harris, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Louis Harris a/k/a Darrell Jones ("Harris") has tendered a self-prepared 42 U.S.C. § 1983 ("Section 1983") Complaint against Cook County Sheriff Michael Sheahan, the Transportation Department of the Cook County Department of Corrections ("Department"), the medical staff of Cook County Hospital ("Hospital") and the medical staff of Department's Division 6. Harris asks leave to proceed without the payment of a filing fee and also seeks the appointment of counsel on a pro bono publico basis. For the reasons stated in this memorandum opinion and order, the first motion is granted in part and denied in part, while the second motion is denied.

Harris certainly qualifies for in forma pauperis treatment in financial terms, because his Application To Proceed In Forma Pauperis reflects no receipts of money during the past 12 months and no current assets, and his prisoner account with Department has only $.16 to his credit. Where Harris fails in principal part is rather in his not having advanced a non-"frivolous" claim against most of the defendants in the legal sense defined in *Neitzke v. Williams*, 490 U.S. 319,

109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and most recently reconfirmed in *Denton v. Hernandez*, —— U.S. ——, ———–——, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

■ To avoid any possibility of mischaracterizing Harris' claims, his Statement of Claim (Complaint ¶ IV) is copied here verbatim:

On January 5, 1994 on or about 8:00 PM, I was been transferred back to the Cook County Dept of Corrections from Markham, Illinois. I had appeared in court. When we approached 24th and Sacremento. The bus was struck by acar (model unknown) at the front of the bus. I was sitting towards the front of the bus. The weather was unbearable and driving conditions were hazardous, the car skided across a stoplight, and struck the bus driven by one correction officer(s) names unknown. The officer was driving too fast for the conditions of the road. I recieved head and back injuries due to the accident. I was transported to the hospital, but was denied medical attention. By Cook County Hospital and the medical staff of Division VI.

I the plaintiff is still suffering from pains, headaches, and illnesses from the accident, I was denied xrays, and medication and still is to this date. I defendant believes his back or spine is broke, and due to head injuries the plaintiff has suffered brain damage, that has resulted in memory lapses.

As indicated both by Harris' naming of the numerous defendants and by that Statement of Claim, he asserts two different claims—one stemming from the collision of the two motor vehicles and the other from a claimed lack of medical attention to the injuries that he suffered.

At the outset, Harris cannot proceed against Sheriff Sheahan. No possible individual responsibility has been ascribed to Sheriff, and respondeat superior principles are inapplicable in the Section 1983 context (*Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)).

■ As for Harris' substantive claims, it may of course be possible to characterize an individual's right to be free from unwarranted injury as a type of liberty (one of the necessary elements of a Section 1983 claim for a Due Process Clause violation).[1] But *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986) has *expressly* held "[t]hat injuries inflicted by governmental negligence are not addressed by the United States Constitution"—or to put it a bit differently (*id.* at 332, 106 S.Ct. at 665):

Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process law.

■ That renders "frivolous" in the legal sense Harris' Section 1983 claim based on the collision itself. As for the claimed lack of medical attention, a like principle applies— *Daniels, id.* at 333, 106 S.Ct. at 666 also quoted *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976):

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.[2]

Instead the latter seminal case, *id.* at 104–05, 97 S.Ct. at 291–92 (citation and footnotes omitted) has stated the constitutional standard in these terms:

We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the

---

1. Of course no claimed deprivation of property (the other Due Process Clause alternative) is involved in either of Harris' claims.

2. [Footnote by this Court] Although *Estelle v. Gamble* spoke in the context of Eighth Amendment jurisprudence (which is applicable to convicted inmates), while Harris is a pretrial detainee for whom the Due Process Clause states the relevant standard, the two provisions are equivalent as applied to a claimed lack of medical care.

prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

From the very fact that Harris was taken to the Hospital after the collision, it would seem most likely that the most that he can actually claim against its personnel would be the type of medical malpractice that is nonactionable under Section 1983.[3] But *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) counsels a generous reading of pro se pleadings, and it is at least reasonably inferable from Harris' allegations that what is involved on the part of Department's medical staff people is the "deliberate indifference to serious medical needs" spoken of in *Estelle v. Gamble*. Accordingly the most prudent course of action here is to grant Harris leave to proceed only in the limited respect indicated here.

To make the rulings in this opinion explicit:

    1. Leave to proceed against Sheriff Sheahan is denied.

    2. Leave to proceed against any defendant who is part of Department's Transportation Department is also denied.

    3. Leave to proceed against any member of Hospital's medical staff is also denied, but without prejudice to Harris amending the Complaint (if he can do so in good faith) to assert an *Estelle v. Gamble* type claim against such personnel.

    4. Leave is granted to proceed against the medical staff of Department's Division VI.[4]

As for Harris' motion for appointment of a lawyer, because he has not stated his prior efforts to obtain counsel (as is required both by the form provided for that purpose and by our Court of Appeals' opinions), that motion is denied.

Even while awaiting service of process on the only remaining defendant or defendants, Harris is ordered to file in this Court's chambers on or before April 11, 1994 a more specific statement as to the number of times that he has been seen by the medical staff of Department's Division VI (including the specific dates of those visits), the complaints that he has made to the staff and the treatment that he has received on each occasion. This Court will then re-evaluate the initial decision that has been reflected here in terms of the standards established by *Estelle v. Gamble* and its numerous progeny.

---

**3.** Without some further particularization, the mere reference to Harris' being "denied medical attention" at the Hospital does not really suggest the possibility of Hospital personnel running afoul of the *Estelle v. Gamble* standard (as contrasted with a possible claim of medical malpractice).

**4.** Because Harris has not named any individual defendants, as he must do, service of process shall instead be made on Sheriff Sheahan, who shall be responsible for causing a proper staff member (one responsible for addressing Harris' medical needs) to be notified of this action.